UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 18-170 (WMW/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Benjamin Robert Yackel (3), | |
| Defendant. | |

Thomas M. Hollenhorst, Esq., Assistant United States Attorney, counsel for Plaintiff.

Robert A. Lengeling, Esq., Beito & Lengeling, PA, counsel for Defendant Yackel.

BECKY R. THORSON, United States Magistrate Judge.

On July 10, 2018, Defendant Benjamin Robert Yackel was indicted on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, four counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2, one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and one count of felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) This matter is before the Court on Defendant's Third Motion to Suppress Evidence (Doc. No. 77), specifically seeking suppression of evidence resulting from two search warrants executed on May 31, 2018 – one for the search of Defendant's person and the other for the search of Defendant's residence. In Defendant's motion, he also requests an evidentiary hearing

pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (*Id.*) The matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, this Court recommends that Defendant's request for a *Franks* hearing be denied, and Defendant's underlying Motion to Suppress also be denied.

## BACKGROUND

On May 28, 2018, Officer Cole Peterson applied for and obtained search warrants for Defendant's person and for his residence. At the time, Officer Peterson was an investigator on the Community Response Team whereby his primary duties were "the investigation of citizen complaints and conducting investigations of persons involved in the illegal possession of firearms and street level narcotics dealing." (Hrg. Exs. 2 and 3.)

The facts provided in Officer Peterson's affidavits in support of these two search warrants are virtually identical, and include in relevant part the following:

> Your affiant is currently involved in a criminal inquiry involving [the certain address] and the resident Benjamin Yackel (BY hereinafter) for the possession and distribution of controlled substances to wit, large quantities of Methamphetamine in the City of Minneapolis. This investigation began within the past 7 days when your affiant received information from a Cooperating Defendant (CD hereinafter) who identified BY as a source of supply for large quantities of Methamphetamine which they indicated he deals directly out of [the certain address].
>
> [The certain address] is a two story single family dwelling with a detached garage in the rear, located in North Minneapolis mid-block between [two particular streets]. [The certain address] is serviced in the rear by an alley. Your affiant conducted a query on the City of Minneapolis website and discovered that BY is the registered property owner and taxpayer for [the certain address] and also lists [the certain address] as his home address.

> Within the past 72 hours your affiant contacted the aforementioned CD for the purpose of conducting a controlled buy of methamphetamine from BY at [the certain address]. Prior to the buy, your affiant met with the CD and provided them with a pre-recorded quantity of MPD buy money and checked them for contraband. No contraband was found. The CD made telephonic contact with BY who directed the CD to go to [the certain address]. Prior to the buy, your affiant and assisting investigators who were working in an undercover capacity arrived at the buy location and set up physical surveillance of the meet between the CD and BY. The CD met with BY at [the certain address]. After the buy, your affiant met with the CD who gave your affiant a quantity of methamphetamine which they indicated was purchased from BY while at the meet location.
>
> During the course of this investigation your affiant was made aware by an investigator working for the Hennepin County Sheriff's Office that within the past 30 days they executed a search warrant at [the certain address] and recovered at least one firearm. This investigator indicated to your affiant that BY is being charged in Federal Court for evidence recovered pursuant to that search warrant[.]

(Hrg. Exs. 2, 3.)

The search warrants were issued on May 28, 2018, and executed on May 31, 2018. A quantity of methamphetamine and $699 were seized from Defendant's person (i.e., his pocket), and several items were found and seized at Defendant's residence, including a semi-automatic handgun, two other handguns, ammunition, a digital scale, and a quantity of methamphetamine. (Hrg. Exs. 2 and 3, Receipt, Inventory and Return.) On July 10, 2018, Defendant was indicted on charges for conspiracy to distribute methamphetamine; possession with intent to distribute methamphetamine; possession of a firearm in furtherance of a drug trafficking crime; and being a felon in possession of firearms. (Doc. No. 1.)

On September 10, 2018, Defendant moved to suppress the evidence seized as a result of the two search warrants identified above, asserting that "both search warrant

3

applications contain substantial false statements" and "[w]ithout the statements, the warrants lack probable cause." (Doc. No. 77.) Defendant also requested an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (*Id.*) The undersigned held a hearing on Defendant's various motions[1] on October 5, 2018, and received the search warrants and affidavits that are at issue in Defendant's Third Motion to Suppress Evidence in evidence as Hearing Exhibits 2 and 3. (*See* Doc. Nos. 86, 87.) At the hearing, the parties requested further briefing on Defendant's request for a *Franks* hearing. The Court allowed the post-hearing briefing and received Defendant's brief on October 11, 2018, and the Government's responsive brief on October 17, 2018. (Doc. Nos. 90, 93.)

## DISCUSSION

The issues presently before the Court are whether Defendant has met his showing for a *Franks* hearing, and, if no *Franks* hearing will be had, whether the search warrant affidavits at issue provided sufficient probable cause.

### I.   *Franks* Hearing

The legality of a search may be subject to challenge even if conducted pursuant to a warrant. A defendant may challenge the veracity of the affidavit offered in support of probable cause. *See United States v. Sundby*, 186 F.3d 873, 876 (8th Cir. 1999). "To warrant a hearing on the affidavit's veracity, the defendant must make 'a substantial

---

[1]   The Court issued an Order ruling on Defendant's non-dispositive motions on October 9, 2018. (Doc. No. 88.) Post-hearing briefing was requested on two other motions to suppress filed by Defendant. (*See* Doc. Nos. 86, 88.) This Court will issue a separate Report and Recommendation addressing those motions to suppress (Doc. Nos. 75, 76) once all briefing on those motions is filed.

showing that the affidavit contains intentional or reckless false statements and [that] the affidavit, [if] purged of its falsities, would not be sufficient to support a finding of probable cause.'" *Id.* (alterations in original) (quoting *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997), and citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). The Eighth Circuit has "applied [the] rationale [of *Franks*] to cover material that has been deliberately or recklessly omitted from a search-warrant affidavit." *United States v. Jacobs*, 986 F.2d 1231, 1234 (8th Cir. 1993); *see also United States v. Wilson*, 324 Fed. App'x 546, 547 (8th Cir. 2009) (applying the two-part test for omissions). When challenging a warrant based on an omission, the defendant must show "'that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading'" and that "'the affidavit[,] if supplemented by the omitted information[,] would not have been sufficient to support a finding of probable cause.'" *Jacobs*, 986 F.2d at 1234 (quoting *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986)).

The substantial showing required for a *Franks* hearing "is not easily made." *United States v. Engler*, 521 F.3d 965, 969 (8th Cir. 2008); *see also United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013) ("The requirement of a substantial preliminary showing is not lightly met . . . ." (quotations omitted)); *United States v. Milton*, 153 F.3d 891, 896 (8th Cir. 1998) ("The 'substantial preliminary showing' requirement needed to obtain a *Franks* hearing is not lightly met."). A defendant must "offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015). "A showing of negligence or innocent

5

mistake is not enough to establish a *Franks* violation." *United States v. Butler*, 594 F.3d 955, 961 (8th Cir. 2010). "A *Franks* hearing must be denied unless the defendant makes a strong initial showing of deliberate falsehood or reckless disregard of the truth." *United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir. 2010) (quotations omitted). If a defendant makes the substantial showing necessary to entitle him to a *Franks* hearing, he must then prove his allegations before the Court will suppress evidence. *Jacobs*, 986 F.2d at 1234. If the defendant establishes by a preponderance of the evidence "'the allegation of perjury or reckless disregard'" and, "'with the affidavit's false materials set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.'" *Id.* (quoting *Franks*, 438 U.S. at 155–56).

In this matter, Defendant seeks a *Franks* hearing based on allegations that the search warrant affidavits in support of the state-issued search warrants for Defendant's person and residence contains two false and misleading statements. Defendant asserts (1) the discussion of a controlled buy within the past 72 hours at Defendant's residence is false because he denies that a controlled buy took place; and (2) the reference to a prior firearm recovered, and the statement that Defendant was being charged in federal court for the firearm, are misleading and false because what was previously recovered was only a receiver for a rifle, and Defendant was not federally charged based on that receiver. (Doc. No. 90 at 2–4.) This Court addresses each of the contested statements below.

### A. Controlled Buy

Defendant asserts that the controlled buy referenced in the affidavit never occurred, and therefore the statement in the affidavit saying that it did occur is false. In support, Defendant states that because the affidavit does not refer to how much buy money was used or what quantity of methamphetamine was obtained, and because a Minneapolis police report for the alleged controlled buy does not mention Defendant's address, the quantity of drugs purchased, or how the purchase was "controlled," it makes the statement in the affidavit that a controlled buy occurred at Defendant's residence suspect.

As a preliminary matter, Defendant has not presented evidence in the form of an affidavit or otherwise to corroborate his assertions. And Defendant did not submit the Minneapolis police report he references for the Court's review.[2] "A mere allegation standing alone, without an offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration, is insufficient to make the difficult preliminary showing." *United States v. El-Alamin*, 574 F.3d 915, 925 (8th Cir. 2009) (quoting *United States v. Mathison*, 157 F.3d 541, 548 (8th Cir. 1998), and citing *Franks*, 438 U.S. at 171); *see also Gonzalez*, 781 F.3d at 430 (stating that a defendant must "offer specific allegations along with supporting affidavits or similarly reliable statements").

---

[2] Even if he had submitted the police report, the report's contents as Defendant has described them do not contradict the information provided in the affidavits. And the alleged omissions from the police report do not make the information provided in the affidavits suspect.

7

Furthermore, *Franks* only "protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*" the reviewing judge. *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990) (emphasis in original) (citing *Reivich*, 793 F.2d at 961). There is nothing in the record that indicates that the information relayed in the affidavit regarding the controlled buy was untrue. Officer Peterson set forth relevant information about a controlled buy that occurred within seventy-two hours of the affidavit being submitted. He explained how the controlled buy was set up and executed, and also identified the location of the controlled buy at Defendant's specific residence address. If the Minneapolis police report omitted Defendant's address, it does not change the fact that Defendant's specific address was provided in the affidavit and its omission from a police report does not make the information provided in the affidavit about the controlled buy suspect. There is nothing in the record indicating that the paragraph provided in the affidavit about the controlled buy was not a truthful recitation of information known by the investigating officer. Moreover, there is nothing in the record indicating that Officer Peterson intended to mislead the reviewing judge by omitting information about the specific amount of money used or the specific quantify of methamphetamine purchased. What was relevant to the probable cause determination was that a controlled buy took place at Defendant's residence and Defendant was involved (i.e., "The CD made telephonic contact with BY who directed the CD to go to [the certain address]"). Omitting the specific quantity of drugs purchased and the dollar amount does not show deliberate falsehood or a reckless disregard of the truth. *See Arnold*, 725 F.3d at 898–99 (citing *Tech. Ordinance, Inc. v. United States*, 244

8

F.3d 641, 649 (8th Cir. 2001) ("A law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not.")); *see also United States v. Rodriguez*, 414 F.3d 837, 842 (8th Cir. 2005) (concluding no *Franks* hearing was required when there was a "small quantum of difference in the amount and description estimated in the warrant – and later corrected in the indictment," and the defendant "made no showing of intent or recklessness on the part of [the investigator]").

Further, recklessness may only be properly inferred from an omission where the omitted material was "clearly critical to the finding of probable cause" or amounted to "flagrant police actions." *Reivich*, 793 F.2d at 961 (quotations omitted); *see also Gonzalez*, 781 F.3d at 431 ("[R]eckless disregard for the truth may be inferred from the fact that . . . information was omitted," but "this inference is valid only when the defendant shows that the omitted material would be clearly critical to the finding of probable cause.") (quotations omitted). And, even assuming information was intentionally or recklessly omitted from the search warrant affidavits, "'[s]uch a finding alone is legally insufficient to justify a *Franks* hearing absent a determination that the intentionally or recklessly omitted information may have . . . otherwise made a probable cause finding unsupportable.'" *United States v. Scott*, 610 F.3d 1009, 1013 (8th Cir. 2010) (quoting *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007)). Here, information on the quantity of methamphetamine purchased and for how much was neither critical to the finding of probable cause nor would have changed that finding, and therefore, its omission was not reckless. Accordingly, Defendant has not made a

substantial showing to warrant a *Franks* hearing based on the omissions pertaining to the controlled buy.

### B. Firearm References

Defendant also raises an issue with Officer Peterson's reference to the fact that a prior search warrant for Defendant's address resulted in the recovery of a "firearm" and that reference was made to Defendant being charged in federal court for the recovery of that "firearm." Defendant argues that the reference to a "firearm" was misleading because what was recovered was only a receiver for a rifle, and by referring to the receiver as a "firearm" without further explanation it implies that Defendant was armed with a firearm that could have been fired in his house, which with only a receiver it could not. Defendant also argues that the reference to being charged in federal court was false because he had not been and still has not been charged in federal court based on the recovery of that "firearm."

Like above, there is nothing in the record that indicates that the information relayed in the affidavit regarding a firearm being recovered during a prior search at Defendant's residence is untrue. Defendant concedes that a receiver for a rifle is "technically included in the definition of a firearm" (Doc. No. 90 at 4) and does not otherwise claim that the statement in the affidavit is false in any way. Simply put, Officer Peterson's statement about the prior recovery of a firearm at Defendant's residence is not false or misleading. Therefore, Defendant has not met his burden to warrant a *Franks* hearing on this ground.

Likewise, Defendant has not met his burden to warrant a *Franks* hearing based on the statement in the affidavit that "[t]his Investigator indicated to your affiant that BY is being charged in Federal Court for evidence recovered pursuant to that search warrant[.]" (Hrg. Exs. 2, 3.) There is nothing in the record indicating that this is a false statement—i.e., that another investigator <u>had told</u> Officer Peterson that Defendant was being charged in federal court for the recovery of the firearm—even if Defendant ultimately was not charged for that offense. *See Gonzalez*, 781 F.3d at 430 (stating that a defendant must "offer specific allegations along with supporting affidavits or similarly reliable statements"); *El-Alamin*, 574 F.3d at 925 (stating it is insufficient to make a *Franks* hearing showing without an "offer of proof in the form of a sworn affidavit of a witness or some other reliable corroboration").

And even if the statement could be construed as misleading—which this Court does not believe it is since it recounts what Officer Peterson was told at that time—it is not enough to entitle Defendant to a *Franks* hearing. For a *Franks* hearing to be granted, Defendant has the burden to show that the search warrant affidavit contains intentional or reckless false statements. Defendant has presented no evidence that Officer Peterson's statement at that time was not true. Consequently, Defendant has not made a substantial showing that Officer Peterson made a reckless or false statement concerning his knowledge of whether Defendant was being charged in federal court with a firearm charge. Furthermore, even if the Court were to find that a deliberate lie or reckless disregard for the truth occurred here, a hearing is still not required because a defendant must also establish that a "corrected" or "supplemented warrant," (*i.e.*, the affidavit with

11

the purportedly critical omitted information supplied and the purported falsehoods removed), would not have supported the existence of probable cause. *Reivich*, 793 F.2d at 962. Here, because even a "corrected affidavit" that removes the reference to Defendant being charged in federal court would still have supported the existence of probable cause, Defendant has failed to make the requisite preliminary showing to warrant a *Franks* hearing.

Based on the above, this Court concludes that Defendant has failed to make a substantial preliminary showing that Officer Peterson included false or reckless statements, or deliberately or recklessly omitted information, in his affidavit. Therefore, this Court recommends that Defendant's motion for a *Franks* hearing be denied.

## II. Probable Cause

Since this Court concludes that Defendant has not met the substantial showing needed for a *Franks* hearing, this Court turns next to the only issue that remains from Defendant's underlying motion to suppress – whether the two search warrants at issue were issued without a sufficient showing of probable cause. (Doc. No. 90 at 1 ("The parties agreed that in the event the Court denied the Defendant's request for a *Franks* hearing, the Court would conduct a 'four-corners' review of the warrant applications.").)

The Fourth Amendment requires probable cause to be shown before a search warrant is authorized. U.S. Const. amend. IV; *Williams*, 477 F.3d at 557. In determining whether probable cause exists, a detached and neutral judge must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be

found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also Walden v. Carmack*, 156 F.3d 861, 870 (8th Cir. 1998) ("The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place.") (quotations omitted). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232. Courts should not review search warrants in a hyper-technical fashion. *United States v. Caswell*, 436 F.3d 894, 897 (8th Cir. 2006).

"When . . . the issuing court relies solely on an affidavit to determine whether probable cause exi[sts], only the information found within the four corners of the affidavit may be considered." *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003) (quotations omitted). In reviewing the decision of the issuing court, this Court must ensure that the court "'had a substantial basis for . . . conclud[ing] that probable cause exists.'" *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir. 2003) (quoting *Gates*, 462 U.S. at 238–39). Because reasonable minds may differ on whether a particular search-warrant affidavit establishes probable cause, the issuing court's determination is accorded great deference. *United States v. Wajda*, 810 F.2d 754, 760 (8th Cir. 1987) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)).

The supporting affidavits at issue here establish probable cause. Officer Peterson stated in his affidavits that he had received information from a Cooperating Defendant ("CD") within the past seven days that Defendant was a "source of supply for large quantities of Methamphetamine" which he "deals directly out of [a certain address known

to be Defendant's residence]." (Hrg. Exs. 2, 3.) He provided information about a controlled buy that took place within the past seventy-two hours whereby the CD "made telephonic contact with [Defendant] who directed the CD to go to [Defendant's address]," where the controlled buy then took place. (*Id.*) Officer Peterson referenced that he met with the CD after the buy, and the CD gave Officer Peterson a "quantity of methamphetamine which they indicated was purchased from [Defendant] while at the meet location." (*Id.*) In addition, Officer Peterson stated that a search warrant had been executed at Defendant's address within the past thirty days whereby officers recovered "at least one firearm." (*Id.*) Based on this information, there was probable cause to believe that controlled substances, including but not limited to methamphetamine, scales, firearms and ammunition, among other related things as described in the search warrants were being stored at Defendant's residence or on Defendant's person.[3]

---

[3] Even if probable cause did not exist, there were facially valid warrants, and therefore the good-faith exception to the exclusionary rule, established in *United States v. Leon*, 468 U.S. 897 (1984), would have to be considered. "Under the good-faith exception, evidence seized pursuant to a search warrant that lacked probable cause is admissible if the executing officer's good-faith reliance on the warrant is objectively reasonable." *United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008). "The good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the [issuing judge's] authorization." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (alteration in original) (quotations omitted). "When assessing the objective [reasonableness] of police officers executing a warrant, [the Court] must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." *Id.* at 431 (alteration in original) (quotations omitted). Here, this Court concludes that the good-faith exception would apply. There is no evidence to suggest that the officers' reliance on the warrants was not in good faith, nor is there evidence that the officers' reliance was not reasonable. For these reasons, this Court concludes that the evidence seized as a result of the execution of the search warrants at issue need not be suppressed.

## RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Request for Hearing Pursuant to *Franks v. Delaware* (Doc. No. 77) be **DENIED**; and

2. Defendant's Third Motion to Suppress Evidence (Doc. No. 77) be **DENIED**.


Date:  October 19, 2018          *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **November 2, 2018**. A party may respond to those objections by **November 16, 2018**. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

**Transcript:** Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.